IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL PULLIAM,                     )
                                     )
            Plaintiff,               )
                                     )
     v.                              )   No.  12 C 6989
                                     )
EXPERIAN INFORMATION SOLUTIONS,      )
INC.,                                )
                                     )
            Defendant.               )

MEMORANDUM ORDER

Experian Information Solutions, Inc. ("Experian," mistakenly sued as "Experian Information Systems, Inc.") has filed its Answer to the pro se Complaint brought against it by Michael Pulliam ("Pulliam"), in which he charges multiple violations of the Fair Credit Reporting Act.  This brief sua sponte memorandum order is occasioned by a few problematic aspects of that responsive pleading.

To begin with, Answer ¶10 follows a technically compliant disclaimer under Fed. R. Civ. P. ("Rule") 8(b)(5) with this language:  "and, on that basis, denies, generally and specifically, each and every allegation contained therein."  That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?  Accordingly the quoted phrase is stricken from that paragraph of the Answer.

Next, the affirmative defenses ("ADs") that Experian has

appended to its Answer call for correction--in that respect, counsel should pay heed not only to the content of Rule 8(c) and the caselaw applying it but also to App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here are the problems:

    1. AD 2 flies in the face of Pulliam's allegation that Experian has been reporting "inaccurate statements and information relating to Plaintiff and Plaintiff's credit history" (Complaint ¶6), an allegation echoed throughout the Complaint. Because every AD must accept a plaintiff's allegations as gospel, AD 2 is stricken.

    2. AD 3 disclaims responsibility on Experian's part by charging third party improprieties, but Pulliam has alleged that he called the claimed errors to Experian's attention, yet it continued to disseminate the allegedly inaccurate information (once again, those allegations must be credited for AD purposes). AD 3 is stricken as well.

    3. AD 1 poses a different kind of problem by asserting a defense that, if true, might dispatch this lawsuit. That being so, Experian is expected to bring that matter on by motion forthwith, so that it can be addressed at the threshold if possible.

Finally, Pulliam has also filed a comparable pro se action against Equifax Credit Information Services LLC, 12 C 7144. That

action has been set for an initial status hearing at 9 a.m. November 2, 2012.  In the interest of convenience for the parties, this Court orders that a status hearing in this action be held at the same date and time.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 29, 2012